IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| CHRISTOPHER MILES | § | |
| --- | --- | --- |
| v. | § | CIVIL ACTION NO. 9:08cv168 |
| | | (Crim. No. 9:07cr33) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Christopher Miles, proceeding *pro se*, filed this motion to vacate or correct sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Miles was indicted on a one-count indictment on a charge of possession with intent to distribute five grams or more of cocaine base. On September 28, 2007, he pleaded guilty to this charge. Miles had a written plea agreement which contained a waiver of appeal provision, waiving his right to appeal or to bring a collateral challenge to his conviction; he did, however, reserve the right to appeal a failure to impose a sentence within the statutory maximum and a claim of ineffective assistance of counsel affecting the validity of the waiver.

On March 12, 2008, Miles was sentenced to 94 months in prison. He did not take a direct appeal, but filed his motion to vacate or correct sentence, despite the waiver, on August 27, 2008.

In his Section 2255 motion, Miles asserts that he was denied effective assistance of counsel and that his criminal history was incorrectly calculated. The Government filed a response asserting that Miles' claims are barred by the waiver of appeal. Miles filed a response denying that he had waived his right to bring the present petition.

1

After review of the pleadings and records in the case, the Magistrate Judge issued a Report recommending that the motion be denied based on the waiver of appeal provision. The Magistrate Judge determined that Miles had failed to show that any of his claims of ineffective assistance represented exceptions to the waiver of appeal provision, and that Miles' conclusory claims of ineffective assistance of counsel and his bare assertions that this ineffectiveness related to the voluntariness of his plea were insufficient. The Magistrate Judge also determined that Miles' claim that his guideline score was improperly calculated did not represent an exception to the waiver of appeal provision. Consequently, the Magistrate Judge recommended that the petition be dismissed.

Miles filed objections to the Magistrate Judge's Report on February 27, 2009. In his objections, Miles says that his attorney, Kenneth Hawk, told him that his two prior convictions would be counted as a single conviction and that he would receive three criminal history points, but instead they were counted separately and he received six criminal history points. Miles says that this would have placed him into Criminal History Category Three instead of Four. He says that Hawk told him that he, Hawk, would object to the pre-sentence investigation report, which he did not, and that Hawk told him that it was in his best interest to plead guilty and get the three-point reduction for acceptance of responsibility.[1]

However, Miles does not allege any facts showing that his claim of ineffective assistance of counsel affected the waiver of appeal or the guilty plea itself. As the Magistrate Judge detailed, Miles testified expressly and repeatedly that he was pleading guilty because he was guilty and for no other reason, and that he understood and accepted the terms of the plea agreement, including the waiver of appeal; Miles specifically testified that he understood that he was waiving his right to appeal except under very limited circumstances. As the Magistrate Judge observed, solemn declarations in open court carry a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63,

---

[1] With a criminal history score of IV and a base offense level of 25, Miles' sentence range was 84 to 105 months. Had his criminal history score been III, but his base offense level been 28, without the three points for acceptance of responsibility, Miles' sentence range would have been 97 to 121 months.

74 (1977); *see also* United States v. Raetzsch, 781 F.2d 1149, 1151 (5th Cir. 1986); United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Miles' objections entirely fail to overcome the waiver of appeal into which he voluntarily entered, and so his claims are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Movant's motion to vacate, the answer filed by the Government, the response to the answer, the Report of the Magistrate Judge, the Movant's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Movant are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Movant Christopher Miles is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **16** day of **March, 2009.**

_____
Ron Clark, United States District Judge